**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JIM ANDERSON,**

                    **Plaintiff,**

**-vs-**                                            **Case No.  6:06-cv-696-Orl-18JGG**

**EXPERIAN INFORMATION**
**SOLUTIONS, INC.,**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 8)**
>
> **FILED:**      **May 22, 2006**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and that the case be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915 (e)(2).

**I.    INTRODUCTION**

      *Pro se* plaintiff, Jim Anderson, filed his complaint and Affidavit of Indigency on May 22, 2006. Anderson's complaint alleged that Defendant Experian Information Solutions, Inc. ("Experian") violated the Fair Credit Reporting Act ("FCRA") by failing to investigate disputed items on Anderson's credit report within 30 days as required by the FCRA.  Anderson further alleged that

Experian is liable for actual damages and cost of suit pursuant to 15 U.S.C. §§ 1681h (e) and 1681o(a)(1).

The Court treated the Affidavit of Indigency as a motion to proceed *in forma pauperis* and denied the motion on the grounds that the complaint was frivolous and that Anderson failed to submit sufficient information to evaluate his financial status. Docket 3. Specifically, the Complaint alleged Experian received notice of his dispute on March 20, 2006, and Experian's report of its reinvestigation was dated April 20, 2006. Under the FCRA, Experian's report was timely. See Docket No. 3 at 8-9. Anderson, however, was given an opportunity to amend his complaint before the Court recommended dismissal of the action. Docket 3 at 9.

Anderson filed his First Amended Complaint and second Motion to Proceed In Forma Pauperis on June 5, 2006. Docket Nos. 7, 8. The First Amended Complaint differs from Anderson's original complaint in relevant part: (1) by alleging in a conclusory manner that Experian negligently failed to comply with the FCRA; and (2) by alleging that Defendant did not investigate the disputed entries within 30 days, and by citing in support a credit report dated May 30, 2006. Docket 7 at ¶¶ 3, 4.

Anderson also updated his affidavit of indigency. Docket No. 8. The Affidavit continues to assert that Anderson is employed by Walmart in Arkansas, but it still provides no address where he performs his job. *Id.*[1] The Court notes that the credit report dated May 30, 2006, that is attached to the First Amended Complaint contains different information regarding Anderson's employment. The credit report states that Anderson's former employer was Walmart, but that his current employer is Mini Me Jimmy LP. Docket No. 7 at 4. In addition to increasing his Walmart salary from $800 per

---

[1] Although Anderson lists an address for Walmart in Arkansas, Anderson lives in Edgewater, Florida. Docket No. 8 at 2-3. The Walmart address listed by Anderson appears to be the corporate headquarter's address.

month to $978 (net)[2] after the Court required Anderson to produce pay stubs, Anderson includes additional income of $1,500 in the last 12 months. Docket No. 8 at 4. His remaining financial information was unchanged.

II.  **THE LAW**

   A.   **The Statute and Local Rules**

The United States Congress has required that the district court review[3] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal —
>     (i)  is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2)(2003).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the

---

[2] Although the $978.11 monthly income is listed under the spouse's employment, the Court assumes this is Anderson's income because he previously states he is unmarried. Docket No. 8 at 3.

[3] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01 (c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07 (a).

### B. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[4] *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

---

[4] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

**C.     Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

          1.     <u>Frivolous Factual Allegations</u>

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989). The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*. Also, factual allegations in the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without

conspiracy); *accord, Sooner Prod. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Phillips*, 746 F.2d at 785, *citing*, *Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

        2.        <u>Frivolous Legal Theories</u>

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 I/S/ at 329; *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[5] *Clark,* 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D. Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326 - 29 (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) -- that is, one clearly having a basis in law -- may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See id.; Fuller v. Ga. State Bd.*

---

[5]The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).

*of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F.Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F.Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. See *Patterson*, 628 F.Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F.Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a § 1915 dismissal might be appropriate. *Clark*, 915 F.2d at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a § 1915 dismissal. It is possible that the district court may use § 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to

dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F. Supp. at 1324.

### III. APPLICATION

Anderson's First Amended Complaint is frivolous. Under the FCRA, a defendant is liable for actual damages and costs of suit if it was negligent in complying with the Act or if it furnished false information with malice or wilful intent to injure the consumer. 15 U.S.C. §§ 1681h(e); 1681o(a)(1). Under the FCRA, Experian was obligated to conduct a reinvestigation of the items disputed by Anderson within thirty (30) days after Experian received notice of the dispute. 15 U.S.C. § 1681i(a)(1)(A). Experian then had five (5) business days after completing its reinvestigation to inform Anderson of the results. 15 U.S.C. § 1681i(a)(6).

Anderson alleges that on March 20, 2006, Experian received his letter disputing items on his credit report. Docket 1 at 1; Docket No. 7 at 1. Anderson then tries to avoid his earlier pleading, which showed that Experian reported on its investigation on April 20, 2006. Docket 1 at 1, Exhibits A and B. Anderson now alleges that a copy of a <u>credit</u> report dated May 30, 2006, shows that Experian failed to investigate within 30 days.

The allegation in the First Amended Complaint that Experian failed to report on its investigation within 30 days is baseless as it is contradicted by the original complaint and the exhibits attached thereto. Whether Anderson subsequently requested credit reports from Experian and the credit reports continue to contain information that Anderson previously disputed is irrelevant to the question of whether Experian timely reported the results of its <u>investigation</u>.

Plaintiff's original complaint failed to state a cause of action. Anderson's attempt in the First Amended Complaint to change the operative date of Experian's investigation response based on a subsequent credit report is transparent. Anderson's First Amended Complaint is frivolous. The Court, therefore, **RECOMMENDS** that:

1. The Court deny the motion to proceed *in forma pauperis* at Docket No. 8;

2. The Court dismiss the case as frivolous pursuant to 28 U.S.C. § 1915(e)(2); and

3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 13, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties